# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Lexington Division

| | |
|---|---|
| Mark D. Long )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>Wells Fargo Bank, N.A. )<br>    *Defendant* )<br>Serve: )<br>    Wells Fargo Bank, N.A. )<br>    101 N. Phillips Avenue )<br>    Sioux Falls, SD 57104 )<br>) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint for damages for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because the nucleus of operative facts and relevant events that affected and/or damaged Plaintiff occurred within Fayette County, Ky., which is located within this District.

### PARTIES

3. Plaintiff Mark D. Long is a natural person who resides in Fayette County, Ky. Mr. Long is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank with its headquarters located at 101 N. Phillips Avenue, Sioux Falls, SD 57104. Wells Fargo is a furnisher of information with the meaning of the FCRA.

## STATEMENT OF FACTS

5.     Mr. Long financed the purchase of a vehicle through Wells Fargo Bank, N.A. ("Wells Fargo").

6.     In August 2016, Mr. Long paid off his debt to Wells Fargo in full.

7.     Mr. Long recently reviewed his consumer credit reports for purposes of evaluating his credit in preparation of applying for a home loan.

8.     Mr. Long was disturbed, upset and alarmed to discover that in April 2017 Wells Fargo made a request for his consumer credit report from Equifax, which was denoted as an Account Review inquiry.

9.     Because Mr. Long had paid off his loan with Wells Fargo in full some nine months prior to Wells Fargo's request for his credit report, Wells Fargo did not have a permissible purpose under the FCRA to request his credit report.

10.    Mr. Long's consumer credit report contains sensitive personal information, therefore the unauthorized invasion into Mr. Long's consumer credit report and the information it contained by Wells Fargo damaged the security of Mr. Long's sensitive personal information and was highly offensive to Mr. Long.

## CLAIMS FOR RELIEF

11.    Wells Fargo Bank, N.A. ("Wells Fargo") knowingly and intentionally violated the FCRA by requesting Mr. Long's consumer report for an impermissible purpose, *i.e.* by improperly obtaining Mr. Long's consumer credit report with the stated purpose of reviewing an account that had already been paid in full.

12.    Wells Fargo is liable to Mr. Long for statutory damages of $1,000 or the actual damages he has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative:

13.    Wells Fargo negligently violated the FCRA by obtaining Mr. Long's consumer report for an impermissible purpose, *i.e.* by improperly obtaining Mr. Long's consumer credit report with stated purpose of reviewing an account that had already been paid in full. Therefore, Wells Fargo is liable to Mr. Long for actual damages he has sustained by reason of its violation of

the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Long requests that the Court grant him the following relief:

1. Award Plaintiff the maximum amount of statutory damages under 15 U.S.C. §1681n;

2. Award Plaintiff actual damages against under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4. Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5. Award Plaintiff attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. Any other relief to which Plaintiff may be entitled.

Submitted by:

/s/ James R. McKenzie
**James R. McKenzie**
**James Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com
hays@creditdefenseky.com